T.C. Memo. 2004-151


UNITED STATES TAX COURT


BASIL NICHOLAS STEPHANATOS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9037-03.                    Filed June 22, 2004.


Basil Nicholas Stephanatos, pro se.

<u>Robert W. Mopsick</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


COHEN, <u>Judge</u>:  Respondent determined deficiencies of $13,288
and $18,546 in petitioner's Federal income tax for 1999 and 2000,
respectively, and accuracy-related penalties under section 6662
in the amounts of $2,658 and $3,709 for those years.  The issues
for decision are whether petitioner is entitled to any reduction
of the deficiencies and penalties determined by respondent and

whether petitioner is liable for a penalty under section 6673. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

### FINDINGS OF FACT

Petitioner resided in Wayne, New Jersey, at the time that he filed his petition.

At all relevant times, petitioner was a licensed professional engineer receiving wages for his services. Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 1999 on which he reported wages of $69,041.10, taxable interest of $2,931.49, and taxable refunds (State and local income taxes) of $679.31. Petitioner offset his reported income by an alleged business loss of $32,700.45 and itemized deductions of $30,298.61. The amounts claimed on Schedule A, Itemized Deductions, included $8,745 in employee business expenses.

On his Form 1040 for 2000, petitioner reported wages of $79,359.94, taxable interest of $1,992.56, dividends of $3,131.56, taxable refunds (State and local income taxes) of $191.99, and capital gains of $8,046.01. Petitioner offset his taxable income by a claimed business loss of $37,500 and itemized deductions of $37,992.06, which included $8,980 in alleged employee expenses.

The amounts claimed on petitioner's income tax returns as business losses and personal itemized deductions were based on estimates, and most, if not all, were nondeductible personal expenses. Petitioner was not operating an active business during the years in issue and had no income from the environmental engineering service business that he listed on Schedules C, Profit or Loss From Business, to his 1999 and 2000 Forms 1040. Petitioner merely estimated the amounts that he would need as capital when he actually began operation of the business and deducted amounts that he allegedly "loaned" to the business in anticipation of its capital requirements.

Petitioner's claimed itemized deductions were similarly based on estimates. For example, he deducted $10,000 in 1999 and $12,000 in 2000, based on his anticipated future medical expenses. Petitioner deducted as employee expenses what he calculated to be the amortized cost of his educational expenses in obtaining professional degrees, the latest of which had been obtained in 1987. Petitioner overstated the State income tax withheld from his wages as shown on his Forms W-2, Wage and Tax Statement. He deducted amounts that represented personal expenditures for food, water, electricity, and his estimate for funding of his future retirement, spreading the amounts throughout his returns and disguising their nature.

When petitioner was audited by the Internal Revenue Service (IRS), he refused to present any documents substantiating the amount or purpose of the deductions claimed on his tax returns. Instead, he commenced a course of correspondence that included frivolous arguments and spurious threats. For example, in a letter dated September 18, 2002, which he attached to the petition in this case, petitioner accused the IRS of fraudulent and criminal conduct and made various demands. Petitioner also argued that he was not involved in "revenue taxable activities"; that "Taxes on personal property are direct taxes, nontaxable by the federal government unless apportioned according to the census of the states"; and that "Compensation for Labor and the exercise of the Right to Labor are personal property".

In the notice of deficiency, respondent disallowed the various deductions claimed by petitioner and allowed the standard deduction of $4,300 for 1999 and $4,400 for 2000. Petitioner did not present prior to or during trial proof that he had paid deductible items exceeding the respective amounts of the standard deduction for each year in issue.

During the course of this proceeding, petitioner filed numerous frivolous motions. He did not comply with the Court's Rules regarding discovery or stipulation but instead submitted his version of a purported stipulation that merely set forth his frivolous contentions. He refused to meet with respondent's

agents.  He persisted in his course of scurrilous threats against the IRS.  He did not turn over receipts in accordance with the Court's Standing Pretrial Order.  At the time of trial, respondent filed a Motion for Sanctions and Costs Pursuant to I.R.C. Sec. 6673, setting out examples of petitioner's failure to cooperate in the determination of his correct tax liability and his pursuit of frivolous arguments.

## OPINION

Although prior to trial petitioner had pursued many of the stale arguments common to tax protesters, at trial he had "refined" his position to two arguments:  First, petitioner argues that he had no taxable "gain" at the end of any year because, after paying for food, water, utilities, "mandatory taxes" such as Social Security taxes and income taxes, recovery of the cost of his education, and setting aside amounts for future retirement and medical costs, he had little left.  Second, he had no "dominion" over the wages he received because, at the end of the year, they had been spent on essentials.

Several passages from his testimony leave no doubt that petitioner contends that he may deduct all of his personal expenses, current and future, before paying tax on his wages:

> I'm only relying on myself funding my own retirement.  Then deduct whatever, of course, cost I owe to various persons and then whatever business expenses, whatever other life expenses, you know, eat food, drink water and then come up with my taxable real income.

\*    \*    \*    \*    \*    \*    \*

So for these taxable years like 1999, 2000, I've estimated about 40 percent of the space--40 percent as I had put in my returns--was basically used for business purposes.  So it's here I have been like allocating a certain amount of money, loaning money to the S corporation--around like $35,000 a year--to pay for the equipment and for the bond, so basically accumulation of the capital.

\*    \*    \*    \*    \*    \*    \*

So I had to amortize my expenditures:  Masters, Ph.D., and the B.S., which they run approximately $150,000.  What you do, of course, when you have a capital expenditure you don't deduct it.  That's an expense, which basically you amortize it a minimum of 60 months over five year period.

\*    \*    \*    \*    \*    \*    \*

I put about what, $10,000 a year, basically for future medical bills.  \* \* \*

\*    \*    \*    \*    \*    \*    \*

Even if I don't provide let's say all the Shop Right or King Supermarket receipts, all of them or the originals, still if you use the <u>Cohan</u> rule that's all reasonable.  Twenty dollars a day, 30 days is $600 per month.  The same thing for electric and natural gas.

\*    \*    \*    \*    \*    \*    \*

You cannot function without eating food or without electricity.  I want to mention this, I was reading, I was doing the research.  Section 262 for personal living and family expenses, this is for businesses and corporations.

\*    \*    \*    \*    \*    \*    \*

Anyway, I mean we've read the Supreme Court decisions and clearly it says that in order to have taxable income you have to receive undeniable net income, accession to wealth.  That's net income, it's not gross income.  It has to be clearly realized and

you have to have complete dominion over the accession to wealth.

Complete dominion means you have to have some guarantee that you will be allowed to keep the money. That means at the end of the year you have to have the entire amount in your possession.

*       *       *       *       *       *       *

These something that just occur on a daily basis in the performance really of the job. Like, you know, I do a lot of work with my eyes, my eyes get tired, I use Visine, you know? Or develop headaches, you use aspirin. So there are, I believe, expenses that result in a reduction of the gross revenues.

*       *       *       *       *       *       *

So overall, I don't believe I'm really liable to anymore income tax because I didn't have, based on my calculation of my liabilities, future liabilities. I didn't derive taxable income that was in my complete dominion, and of course, the money that I loaned to a corporation for business purposes.

Petitioner persisted in his frivolous claims despite the Court's attempts to determine whether he had any properly deductible items. Petitioner rejected the Court's explanation of the error of his assumptions, which had been addressed in cases such as Reading v. Commissioner, 70 T.C. 730, 733-734 (1978), affd. 614 F.2d 159 (8th Cir. 1980). Petitioner instead insisted on quoting, out of context, various Supreme Court cases, stating: "That's the law. The Tax Court cases do not represent the law. They are not binding on individuals or even the agency."

In addition to claiming reliance on a hodgepodge of quotations from Supreme Court cases, petitioner cited various

sections of the Code. He insisted that section 262, which prohibits the deduction of personal, living, or family expenses, applies only to businesses or corporations. He contended that section 535, which applies to accumulated taxable income for purposes of the corporate accumulated income tax, allows him to accumulate a certain amount of taxable income. Notwithstanding his purported familiarity with numerous Code sections, he failed to show that he qualified for deduction of any expenses that would be allowed if substantiated. There is no evidence in the record that any part of petitioner's home was used exclusively and regularly for business or otherwise qualifies for an exception from the general rule of section 280A disallowing expenses of a dwelling unit used by the taxpayer as a personal residence. Although he presented a single document that apparently related to real property taxes on his residence, he presented no proof of payment, and the amount shown on the document as due in 2000 was substantially less than amounts that he claimed on his returns for 1999 and 2000.

In summary, this is basically another case where a taxpayer claims that his wages are not taxable income. His arguments are indistinguishable from those that have been uniformly rejected, and no further discussion of them is warranted. See Lonsdale v. United States, 919 F.2d 1440 (10th Cir. 1990); United States v. Connor, 898 F.2d 942, 943 (3d Cir. 1990); United States v. Ward,

833 F.2d 1538, 1539 (11th Cir. 1987); <u>Sauers v. Commissioner</u>, 771 F.2d 64 (3d Cir. 1985), affg. T.C. Memo. 1984-367; <u>Biermann v. Commissioner</u>, 769 F.2d 707 (11th Cir. 1985); <u>Waters v. Commissioner</u>, 764 F.2d 1389 (11th Cir. 1985); <u>Crain v. Commissioner</u>, 737 F.2d 1417 (5th Cir. 1984); <u>Knighten v. Commissioner</u>, 702 F.2d 59 (5th Cir. 1983); <u>Lonsdale v. Commissioner</u>, 661 F.2d 71, 72 (5th Cir. 1981), affg. T.C. Memo. 1981-122; <u>Reading v. Commissioner</u>, <u>supra</u>.

The nature of the items that petitioner was claiming was disguised on his tax returns. When his explanation was given, it was apparent that the deductions were erroneous and contrary to law. He is liable for the accuracy-related penalties under section 6662. In addition, a penalty under section 6673 in the amount of $15,000 is appropriate. Petitioner's arguments were frivolous. In view of his persistence in the face of contrary authority and the deception on the face of his returns, we do not believe that the arguments were made in good faith. See, e.g., <u>Sauers v. Commissioner</u>, <u>supra</u> at 68 n.6.

<u>An appropriate order and decision for respondent will be entered.</u>