NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5146

PIPER LAKAY ELLIS SNOWTON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Piper Lakay Ellis Snowton, of Highland, California, pro se.

Thomas D. Dinackus, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Peter D, Keisler, Assistant Attorney General, David M. Cohen, Director, and Franklin E. White, Jr., Assistant Director.

Appealed from: United States Court of Federal Claims

Senior Judge James F. Merow

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5146

PIPER LAKAY ELLIS SNOWTON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

———————————

DECIDED: February 8, 2007

———————————

Before MICHEL, <u>Chief Judge</u>, RADER, and SCHALL, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Piper Lakay Ellis Snowton appeals the final decision of the United States Court of Federal Claims dismissing for lack of jurisdiction her tort claims and her claims of discrimination, violations of due process and equal protection rights, and violations of the Privacy Act and the Freedom of Information Act. <u>Snowton v. United States</u>, No. 06-533C (Fed. Cl. Sept. 13, 2006) ("<u>Order</u>"). We <u>affirm</u>.

DISCUSSION

I.

Ms. Snowton sued the United States in the Court of Federal Claims, alleging that the "United States of America Federal Court systems," specifically the Court of Appeals for the Tenth Circuit and the United States District Court for the Central District of California, inflicted pain, suffering, and stress on her by "plastering the plaintiff['s] confidential case all over the internet without plaintiff['s] permission." Order, slip op. at 1. Ms. Snowton asserts these claims as torts and as claims under the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments to the Constitution, the Privacy Act, and the Freedom of Information Act. Id. at 2. Ms. Snowton seeks $350 million in damages. Id. at 1.

The Court of Federal Claims dismissed Ms. Snowton's complaint for lack of subject matter jurisdiction. Id. at 2. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

II.

We review de novo the grant of a motion to dismiss for lack of subject matter jurisdiction. See Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997).

On appeal, Ms. Snowton challenges the dismissal by the Court of Federal Claims of her claims by arguing generally that the Court of Federal Claims "has exclusive jurisdiction over claims for money damages against the United States," Appellant's Br. ¶ 6, and by citing to several criminal statutes, Id. ¶ 2.

We see no error in the decision of the Court of Federal Claims in this case. As the court correctly observed, none of Ms. Snowton's claims fall within the court's limited jurisdiction.

Ms. Snowton's broad contention that the Court of Federal Claims "has exclusive jurisdiction over claims for money damages against the United States" is incorrect. The Court of Federal Claims has not been provided with jurisdiction over tort claims. See L'Enfant Plaza Properties, Inc. v. United States, 227 Ct. Cl. 1, 11 (1981). The Tucker Act is specifically limited to "cases not sounding in tort." See 28 U.S.C. § 1491(a)(1). Additionally, the Court of Federal Claims lacks jurisdiction over suits based upon criminal statutes. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1997).

Ms. Snowton's remaining claims, relating to violations of due process and equal protection and violations of the Privacy Act and the Freedom of Information Act, fail because "the Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right of money damages" against the United States. Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). The Due Process and Equal Protection clauses do not create such a right and therefore claimed violations of these clauses do not fall within the jurisdiction of the Court of Federal Claims. See LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Likewise, the Privacy and the Freedom of Information Act do not create such a right. See Instrument Sys. Corp. v. United States, 212 Ct. Cl. 99, 104 (1976).

For the foregoing reasons, the decision of the Court of Federal Claims dismissing Ms. Snowton's appeal for lack of jurisdiction is affirmed.