

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2007

# Stephanatos v. Cohen

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4989

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Stephanatos v. Cohen" (2007). *2007 Decisions*. Paper 944.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/944

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-224                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4989
_____

BASIL N. STEPHANATOS,

Appellant

v.


MARY ANN COHEN, MS., Sued in her official and individual
capacity; ROBERT W. MOPSICK, Sued in his official and
individual capacity; DAVID VIRSOTSKY, MR., Sued in his
official and individual capacity; MARK W. EVERSON; UNITED
STATES OF AMERICA
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-01310)
District Judge: Honorable Joel A. Pisano
_____


Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 10, 2007

Before: RENDELL, SMITH AND JORDAN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed  June 13, 2007)



_____


OPINION
_____


PER CURIAM

Basil N. Stephanatos, proceeding pro se, first filed a complaint exceeding 400

pages against the United States, the Attorney General of the United States, a United States

Attorney, United States Tax Court and Internal Revenue Service officials, and a federal

credit union.  The District Court dismissed the complaint without prejudice pursuant to

Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain

statement" of claims and the grounds on which a court has jurisdiction.

Stephanatos filed an amended complaint, ostensibly numbering approximately 150

pages.  The Government Defendants moved to dismiss Stephanatos's amended complaint

under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that jurisdiction did

not attach because Stephanatos's claims were wholly frivolous.  Stephanatos filed a

motion for default judgment, a motion for a temporary restraining order, and a motion to

file additional exhibits.

The District Court granted the Government's motion to dismiss[1] and denied

Stephanatos's motions.  Stephanatos moved "for a new trial/change of order," and

requested leave to submit additional exhibits in support of his otherwise-titled motion for

reconsideration.  He also filed another motion for a temporary restraining order.  The

District Court denied his motions, and Stephanatos appeals from that order and the earlier

order dismissing his complaint.

We will dismiss Stephanatos's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).  It

---

[1]The Government had also moved for sanctions, which the District Court denied.

has no arguable basis in fact or law.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989). The District Court properly dismissed Stephanatos's complaint and denied his motions.

The District Court lacked jurisdiction to entertain many of Stephanatos's claims because they were obviously frivolous and without merit.  "[F]ederal courts do not have power to entertain claims otherwise in their jurisdiction if they are 'so attenuated and insubstantial as to be absolutely devoid of merit,' . . . 'wholly insubstantial,' . . . 'obviously frivolous,' [or] 'plainly unsubstantial.'" Hagans v. Lavine, 415 U.S. 528, 537-38 (1974).  For instance, Stephanatos's challenges to the constitutionality of the United States tax system are frivolous because they are foreclosed by prior court decisions.  See id. at 538.

Furthermore, as the District Court noted, Stephanatos's amended complaint violated Rule 8.  At first glimpse, it appears that Stephanatos attempted to comply, or, at least, to shorten his complaint.  His amended complaint looks like it tallies a mere 150 or so pages.  However, on closer examination, it is apparent that Stephanatos did not even try to submit a "short and plain statement" of his claims or the bases for the District Court's jurisdiction.  He incorporated his original complaint and all its appendices by reference, see Complaint at 2 n.5, bringing his amendment to approximately 550 pages. His complaint is not only of an unwieldy length, but it is also largely unintelligible. While a Rule 8 dismissal is often without prejudice, see Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 (5th Cir. 2005), a dismissal with prejudice was warranted in this case, cf. In re Westinghouse Sec. Litig., 90 F.3d 696, 702-04 (3d Cir. 1996).

3

The dismissal for lack of jurisdiction or for failure to include a short and plain statement of the jurisdictional grounds under Rule 8 was equally applicable to the moving and non-moving Defendants.  See Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76-77 (3d Cir. 2003) (holding that a court can and should evaluate its jurisdiction sua sponte); Fed. R. Civ. P. 8(a).

Also, the District Court properly denied Stephanatos's motions.  Stephanatos did not present grounds for reconsideration or for a new trial (as the District Court noted in reference to the latter, Stephanatos had not had a first trial in this case).  He was not entitled to default judgment, temporary restraining orders, or to file even more exhibits than he had already filed.

In sum, Stephanatos's appeal is without merit.  We will dismiss it pursuant to 28 U.S.C. § 1915(e)(B)(2).