**Basil N. STEPHANATOS, Plaintiff, pro se,**

v.

**The UNITED STATES of America, Defendant.**

**No. 06–781T.**

United States Court of Federal Claims.

April 21, 2008.

Basil N. Stephanatos, pro se.

Jennifer Dover Spriggs, U.S. Department of Justice, Tax Division, Court of Federal Claims Section, Washington, D.C., for the Defendant. With her on the briefs were Eileen J. O'Connor, Assistant Attorney General, and David Gustafson, Of Counsel.

Lauren A. Weeman, law clerk.

## OPINION

BASKIR, Judge.

This case comes before the Court on the Government's motion to dismiss on jurisdictional and other grounds. For the reasons stated below, **the Government's motion to dismiss is GRANTED.**

## I. Background

The Plaintiff, proceeding *pro se,* filed a 97-page complaint with this Court on November 21, 2006, seeking refunds for tax years 1992, 1999, 2000, 2004, and 2005. The Plaintiff also seeks damages for torts and statutory and constitutional violations that have allegedly been committed against him by various federal officials and seeks declaratory and injunctive relief.

The complaint is long and difficult to decipher. The Plaintiff alleges that he is entitled to refunds for these five tax years because his wages are exempt from federal income tax. *See* Compl. at 6–12. The Plaintiff apparently contends that because the income received from his employer for these tax years did not exceed his personal expenses, his activities constitute "not-for-profit" activities and should be taxed accordingly. *Id.* at 6–7 ("Plaintiff did not derive any income from a business or for profit activity during the 1992, 1999, 2000, 2004 and 2005 tax years.... Since Plaintiff has no trade or business expenses, then, pursuant to I.R.C. Section 183(c), Plaintiff's activities are considered as 'not-for-profit' activities.").

The Government filed a motion to dismiss the complaint pursuant to Rules of the Court of Federal Claims (RCFC) 12(b)(1) on May 1, 2007. The Government argues that the Court lacks jurisdiction over the Plaintiff's

claims for refunds for tax years 1992, 1999, and 2000. As regards the Plaintiff's claims for refunds for tax years 2004 and 2005, we read the Government's RCFC 12(b)(1) motion as a 12(b)(6) motion for failure to state a claim upon which relief can be granted. The Government also argues in its motion that the Court lacks jurisdiction over the Plaintiff's claims for damages and for declaratory and injunctive relief. We agree with the Government's attacks on these claims and find that each must be dismissed.

## II. Standard of Review

When a defendant challenges this Court's jurisdiction pursuant to RCFC 12(b)(1), the plaintiff bears the burden of showing by a preponderance of the evidence that jurisdiction is proper. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir.1988). The Court must accept as true any undisputed allegations of fact made by the non-moving party and draw all reasonable inferences from those facts in favor of the non-moving party. *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995).

In order to survive a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly (Bell)*, —— U.S. ——, ——, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see* RCFC 12(b)(6). In evaluating the Plaintiff's complaint, the Court must therefore focus on the plausibility of the Plaintiff's claims for relief.

## III. Discussion

### A. Tax Years 1999 and 2000—Lack of Subject Matter Jurisdiction

██ The Government argues that this Court lacks jurisdiction over the Plaintiff's claims for refunds for tax years 1999 and 2000 because the Plaintiff filed a timely petition with the Tax Court contesting the notices of deficiency for those years. The Government contends that the Plaintiff's claims are therefore exclusively within the jurisdiction of the Tax Court pursuant to I.R.C. § 6512(a). Defendant's Motion to Dismiss

(Def. Mot. to Dismiss), Docket No. 23 (May 1, 2007), at 11.

Section 6512, captioned "Limitations in Case of Petition to Tax Court," states, "if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), ... *no credit or refund of income tax for the same taxable year ... to which the petition relates ... shall be instituted in any court....*" 26 U.S.C. § 6215(a) (2008) (emphasis added). The Government points out that the Commissioner of Internal Revenue issued a notice of deficiency to the Plaintiff for tax years 1999 and 2000 on March 17, 2003. Def. Mot. to Dismiss at 11, App. B at B40. Shortly thereafter, on June 13, 2003, the Plaintiff filed a timely petition with the Tax Court contesting these deficiencies. *Id.* at 13–14, App. B at B32.

The Tax Court's jurisdiction, once it attaches, extends to the entire subject of the correct tax for the particular year. *Solitron Devices v. United States*, 16 Cl.Ct. 561, 567 (1989). Accordingly, **the Tax Court has exclusive jurisdiction of all claims the Plaintiff asserts pertaining to the 1999 and 2000 tax years. Those claims must therefore be dismissed for lack of jurisdiction.**

### B. Tax Years 1992, 1999, and 2000—*Res Judicata*

The Government also argues that the Plaintiff's claims for refunds for tax years 1992, 1999, and 2000 must be dismissed because they are precluded by the doctrine of *res judicata*. Under the doctrine of *res judicata* (or claim preclusion), "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed.Cir.2003). To prevail on grounds of *res judicata*, the Government must prove that (1) the parties to this action are identical or in privity with those in the prior litigation; (2) the prior suit proceeded to a final judgment on the merits; and (3) the claims asserted in this action are based on the same set of transactional facts as those previously litigated. *See Parklane*

*Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Jet, Inc. v. Sewage Aeration Sys.,* 223 F.3d 1360, 1362 (Fed.Cir.2000).

■ *Res judicata* bars the Plaintiff's claims for refunds for tax years 1992, 1999, and 2000 because the Plaintiff asserted claims associated with those tax years in previous litigation and, in each case, the court issued a final decision on the merits. Specifically, as discussed above, the Plaintiff filed a petition with the Tax Court on June 13, 2003, to contest the notice of deficiency for tax years 1999 and 2000 that was issued by the I.R.S. on March 17, 2003. See Def. Mot. to Dismiss App. B at B32. The Tax Court issued a Memorandum Findings of Fact and Opinion on June 22, 2004, denying the petition. *Id.* at B60. The Tax Court noted that during litigation of his claims, the Plaintiff had "commenced a course of correspondence that included frivolous arguments and spurious threats." *Id.* at B55.

The Tax Court described the action as "another case where a taxpayer claims that his wages are not taxable income" and explained that the Plaintiff's "arguments [we]re indistinguishable from those that have been uniformly rejected" by courts. *Id.* at B59. In addition to denying the petition, the Tax Court assessed a $15,000 penalty on the Plaintiff pursuant to I.R.C. § 6673 for bringing a frivolous suit. *See* 26 U.S.C. § 6673 (2008) (authorizing courts to impose up to a $25,000 penalty on a taxpayer whose position in a proceeding is "frivolous or groundless"). The Tax Court concluded that the Plaintiff's claims for refunds for the 1999 and 2000 tax years were not made in good faith. Def. Mot. to Dismiss App. B at B60. This decision was summarily affirmed by the Third Circuit. *Stephanatos v. Comm'r,* 112 Fed.Appx. 868 (3d Cir.2004), *cert. denied,* 543 U.S. 1123, 125 S.Ct. 1060, 160 L.Ed.2d 1073 (2005).

The final decision of the Tax Court precludes relitigation of the same claims in this Court. Therefore, assuming I.R.C. § 6512 did not prevent this Court from having jurisdiction over the Plaintiff's claims for refunds for the 1999 and 2000 tax years, those claims would be barred by the doctrine of *res judicata.*

Incidentally, the Plaintiff also pursued refunds for these tax years in two separate actions filed in the United States District Court for the District of New Jersey (DCNJ or District Court). On July 19, 2005, the Plaintiff filed an amended complaint with DCNJ seeking refunds for tax years 1992, 1999, and 2000. Def. Mot. to Dismiss App. B at B61–68. The Plaintiff named as defendants the Honorable Mary Ann Cohen, the judge who presided over his Tax Court proceedings, and various other federal officials. *See id.* at 7. In addition to seeking refunds for tax years 1992, 1999, and 2000, the Plaintiff sought damages for torts and statutory and constitutional violations that were allegedly committed against him by the named federal officials and sought declaratory and injunctive relief. *Id.*

The District Court summarily dismissed the complaint on November 3, 2005, on the grounds that it lacked legal sufficiency. *Id.* App. B at B87. The District Court noted that, with respect to his claims for 1999 and 2000, the Plaintiff had previously litigated the tax liabilities at issue and had "already received full recourse in appellate courts." *Id.* The District Court also stated that the Plaintiff failed to demonstrate that the Court had jurisdiction over any of his claims and failed to satisfy the requirements to bring a tax refund suit. *Id.*

On May 2, 2006, the Plaintiff filed yet a second case in DCNJ with respect to tax years 1992, 1999, and 2000. The Plaintiff relied upon the same facts and made the same arguments that had previously been rejected in the 2005 DCNJ action. *See id.* at B88–119. The District Court once again denied the Plaintiff's claims on August 7, 2006. *Id.* at B124–25. In its Opinion, the District Court specifically noted that the "Plaintiff continue[d] to bring frivolous claims which [we]re not only totally devoid of any merit and entirely insubstantial, but [which had] been previously adjudicated against him." *Id.* at B123. The District Court further stated that the Plaintiff's "actions only serve[d] to further clog the dockets of the federal judiciary." *Id.*

444

The Plaintiff appealed the District Court's 2006 decision. His appeal was denied on May 10, 2007. The Third Circuit stated that the District Court was correct to dismiss the Plaintiff's claims, which were "obviously frivolous and without merit" and concluded that the Plaintiff's appeal was wholly "without merit." *Stephanatos v. Cohen*, 236 Fed. Appx. 785, 787 (3d Cir.2007).

Based upon the foregoing, it is clear that the Plaintiff has had his day in court and that his claims for refunds for tax years 1992, 1999, and 2000 are precluded by *res judicata*. Although lacking in merit, the Plaintiff's claims have already been considered by federal courts. In addition, a final judgment has been issued with respect to each claim. **The Plaintiff's claims for refunds for tax years 1992, 1999, and 2000 must therefore be dismissed.**

### C. Tax Years 2004 and 2005—Failure to State a Claim

■ The Government's motion originally sought to have the Plaintiff's claims for refunds for the 2004 and 2005 tax years dismissed for lack of jurisdiction. The Government argued that the Court lacked jurisdiction over these claims because the Plaintiff did not file returns for either tax year prior to initiating this litigation. *Id.* The Government has now moved the Court to allow it to withdraw this defense. *See* Defendant's Motion to Withdraw Defense, Docket No. 43 (Nov. 2, 2007), at 1. The Government apparently became aware in September 2007 that the Plaintiff did in fact file returns in 2004 and 2005. *Id.* at 3. The Government concedes that the Plaintiff's original returns for these years qualify as claims for a refund because they set forth the amount of the overpayment claimed and request a refund. *Id.* at 4 (citing Treas. Reg. § 301.6402-3(a)(5); *Levitsky v. United States*, 27 Fed.Cl. 235, 239 (1992) (original return which stated the amount of overpayment to be refunded was a proper claim for a refund)).

A response to the Government's November 2 motion was due from the Plaintiff by November 19, 2007. The Court received no such response. **Accordingly, the Court hereby GRANTS the Government's motion to withdraw the jurisdictional defense pertaining to tax years 2004 and 2005 that was asserted in the May 1, 2007, motion to dismiss.**

Although the Government's jurisdictional attack on the Plaintiff's claims for refunds for tax years 2004 and 2005 has been withdrawn, the claims are nonetheless vulnerable to dismissal for failure to state a claim upon which relief can be granted. *See* RCFC 12(b)(6); *Bell*, 127 S.Ct. at 1974. The many efforts that the Plaintiff has made to persuade courts of the merits of his position have been uniformly unsuccessful. His position with respect to these later tax years can fare no better here. Simply put, the Plaintiff has repeatedly failed to plead sufficient facts to prove the plausibility of his claims for relief. *See Bell*, 127 S.Ct. at 1974. **The Plaintiff's claims for refunds for tax years 2004 and 2005 must therefore be dismissed for failure to state a claim upon which relief can be granted.**

### D. Other Claims

### 1. Tort and Statutory Claims—Count IV

■ The Plaintiff alleges that he is entitled to damages because the Government intentionally published false and defamatory information about him and violated the Privacy Act and the Freedom of Information Act by "refusing to remove false, erroneous information from [Government] records that have been published without the Plaintiff's knowledge or approval." Compl. at 89. To the extent that these claims sound in tort, they are plainly excluded from the jurisdiction of the Court of Federal Claims. 28 U.S.C. § 1491(a)(1) (stating that the jurisdiction of the Court of Federal Claims is limited to cases "not sounding in tort").

Furthermore, the Plaintiff's claim that the Privacy Act and the Freedom of Information Act, 5 U.S.C. § 552, have been violated by the publication of allegedly false information about him is without merit. This Court has previously held that neither the Privacy Act nor the Freedom of Information Act creates a right to collect money damages. *Snowton*

*v. United States,* 216 Fed.Appx. 981, 983 (Fed.Cir.2007) ("[T]he Privacy and the Freedom of Information Act do not create [ ] a [substantive] right [to money damages]."); *see also Instrument Sys. Corp. v. United States,* 212 Ct.Cl. 99, 104, 546 F.2d 357 (1976). Therefore, alleged violations of either statute are outside this Court's jurisdiction. **The Plaintiff's claims for damages based upon these alleged torts and statutory violations must be dismissed for lack of jurisdiction.**

### 2. Constitutional Claims—Counts I & II

■ The Plaintiff also seeks damages for alleged violations of his constitutional rights. Specifically, the Plaintiff claims that his First, Fourth, Fifth, and Fourteenth Amendment rights have been violated by federal officials. *See* Compl. at 1–2. The Court lacks jurisdiction to entertain these claims.

The jurisdiction of the Court of Federal Claims is set forth in the Tucker Act, 28 U.S.C. § 1491. Pursuant to the Tucker Act, this Court may only hear claims seeking primarily monetary relief against the United States based upon "money-mandating" provisions of the Constitution, acts of Congress, or executive regulations, to which a plaintiff alleges a specific entitlement. *Stephenson v. United States,* 58 Fed.Cl. 186, 192 (2003) (citing *United States v. Testan,* 424 U.S. 392, 397–98, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)). The Tucker Act itself does not create a substantive cause of action. Rather, in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to collect money damages from the federal government. *Fisher v. United States,* 402 F.3d 1167, 1172 (Fed.Cir. 2005) (en banc).

The First, Fourth, and Fourteenth Amendments, as well as the due process clause of the Fifth Amendment, do not create a right to money damages. *See* U.S. Const. amend. I, IV, V, XIV; *Collins v. United States,* 67 F.3d 284, 288 (Fed.Cir.1995) ("[T]he due process clause does not obligate the [G]overnment to pay money damages."); *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.

1995) (the due process and equal protection clauses of the Fourteenth Amendment do not create a right to money damages); *United States v. Connolly,* 716 F.2d 882, 887 (Fed. Cir.1983) ("[T]he First Amendment, standing alone, cannot be so interpreted to command the payment of money."); *Mullenberg v. United States,* 857 F.2d 770, 773 (Fed.Cir. 1988) (the due process and equal protection clauses of the Fifth and Fourteenth Amendments "do not trigger Tucker Act jurisdiction in the courts"); *LaChance v. United States,* 15 Cl.Ct. 127, 130 (1988) ("[T]he Fourth Amendment does not mandate the payment of money by the United States."). Alleged violations of these constitutional provisions clearly do not fall within the jurisdiction of the Court of Federal Claims. **The Plaintiff's claims invoking these constitutional provisions must therefore be dismissed.**

### E. Request for Declaratory and Injunctive Relief

■ The Plaintiff makes a general request for "such other and further extraordinary declaratory and injunctive relief as this Honorable Court may deem just and proper on behalf of Plaintiff...." Compl. at 96. It is rudimentary that the Court of Federal Claims lacks jurisdiction to grant general equitable relief. *See Brown v. United States,* 105 F.3d 621, 624 (Fed.Cir.1997) (holding that the Tucker Act does not provide independent relief through declaratory judgments); *Wheeler v. United States,* 11 F.3d 156, 159 (Fed.Cir.1993) (holding that because the plaintiff's claim for monetary relief was dismissed, the Court lacked jurisdiction over the plaintiff's claims for declaratory and injunctive relief). This Court does possess the authority to grant declaratory relief in limited circumstances. Specifically, it may do so in bid protests pursuant to 28 U.S.C. § 1491(b)(2), or in cases where the declaratory relief requested is "an incident of and collateral to" a money judgment. *James v. Caldera,* 159 F.3d 573, 580–81 (Fed.Cir.1998). In other words, the Court of Federal Claims has no authority to grant equitable relief "unless it is tied and subordinate to a money judgment." *Id.* (citations omitted).

The Plaintiff has not shown that he has a valid claim for money damages against the United States. **The Plaintiff's request for declaratory and injunctive relief is therefore outside the jurisdiction of this Court and must be dismissed.**

## IV.   Conclusion

For the reasons stated herein, **the Government's motion to dismiss is GRANTED.**

The Clerk of the Court shall dismiss the complaint, with prejudice.

**IT IS SO ORDERED.**