NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5091

BASIL N. STEPHANATOS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Basil N. Stephanatos, of Wayne, New Jersey, pro se.

Christine D. Mason, Trial Attorney, Tax Division, Appellate Section, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Nathan J. Hochman, Assistant Attorney General, and Richard Farber, Attorney.

Appealed from: United States Court of Federal Claims

Judge Lawrence M. Baskir

# United States Court of Appeals for the Federal Circuit

2008-5091

BASIL N. STEPHANATOS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 06-CV-781, Judge Lawrence M. Baskir.

_____

DECIDED: January 6, 2009

_____

Before MICHEL, <u>Chief Judge</u>, PROST and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Plaintiff-Appellant Basil N. Stephanatos appeals a decision of the United States Court of Federal Claims granting the government's motion to dismiss his complaint. <u>Stephanatos v. United States</u>, 81 Fed. Cl. 440 (2008). Because the complaint was properly dismissed, we <u>affirm</u>.

## I. BACKGROUND

Mr. Stephanatos filed a complaint with the U.S. Court of Federal Claims on November 21, 2006. The complaint alleged a number of illegal actions by the U.S. government, including constitutional and statutory violations, and sought a refund for the taxes paid by Mr. Stephanatos for 1992, 1999, 2000, 2004, and 2005. On November

29, 2006, Mr. Stephanatos moved to amend his complaint, which the court allowed. This amendment added the tax year 2006 to the complaint. The court ultimately dismissed the complaint for a variety of reasons, as discussed in more detail below.

Before getting to the Court of Federal Claims, Mr. Stephanatos raised the same or similar issues before the U.S. Tax Court, the U.S. District Court for the District of New Jersey, and the U.S. Court of Appeals for the Third Circuit. In the U.S. Tax Court, Mr. Stephanatos claimed he was entitled to a reduction in the deficiencies and penalties that had been assessed against him for the years 1999 and 2000. The court found that he was not entitled to any reductions and had to pay the assessed penalties. Stephanatos v. Comm'r, 87 T.C.M. (CCH) 1429 (2004). The Third Circuit affirmed. Stephanatos v. Comm'r, 112 F. App'x 868 (3d Cir. 2004) (unpublished table decision), cert. denied, 543 U.S. 1123 (2005).

In the U.S. District Court for the District of New Jersey, Mr. Stephanatos brought suit against a number of parties, including the U.S. government and the Tax Court judge, alleging that they had violated his constitutional and statutory rights, and "engaged in extortion, fraud, racketeering, conspiracy, obstruction of justice, and treason." Stephanatos v. Cohen, No. 06-1310, 2006 WL 2872519, at *1 (D.N.J. Aug. 7, 2006). He also sought monetary damages and tax refunds for 1992, 1999, and 2000. Id. That court granted the defendants' motion to dismiss under Fed. R. Civ. Pro. 12(b)(1), finding that Mr. Stephanatos's challenges to the United States taxation system had been previously raised and adjudicated, and that Mr. Stephanatos raised the constitutional and other federal injuries "solely for the purpose of attempting to invoke [the district c]ourt's jurisdiction." Id. at *2. The court declined to exercise jurisdiction

2008-5091                                        2

over any state law claims that Mr. Stephanatos might have alleged, and dismissed any other pending motions or claims under Fed. R. Civ. Pro. 12(b)(1). As before, Mr. Stephanatos appealed to the Third Circuit; that court affirmed the district court's decision to dismiss with prejudice, stating that his arguments had "no arguable basis in fact or law" and that the district court "lacked jurisdiction to entertain many of Stephanatos's claims because they were obviously frivolous and without merit." Stephanatos v. Cohen, 236 F. App'x 785, 786–87 (3d. Cir. 2007).

## II. DISCUSSION

We have jurisdiction over an appeal from the Court of Federal Claims' final judgment under 28 U.S.C. § 1295(a)(3). This court reviews all of the issues decided by the Court of Federal Claims in this case de novo. Nw. LA Fish & Game Pres. Comm'n v. United States, 446 F.3d 1285, 1289 (Fed. Cir. 2006) (failure to state a claim); Pines Residential Treatment Ctr., Inc. v. United States, 444 F.3d 1379, 1380 (Fed. Cir. 2006) (subject matter jurisdiction); Faust v. United States, 101 F.3d 675, 677 (Fed. Cir. 1996) (res judicata).

### A. The Tax Claims

Mr. Stephanatos argues that the court's decision to dismiss the case for lack of subject matter jurisdiction is clearly erroneous "because the defendant acknowledged the existence of the legal claims before the court." The Court of Federal Claims, however, has inherent power to determine whether it has jurisdiction, even when the parties agree otherwise. See Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

The Court of Federal Claims correctly determined that it did not have subject matter jurisdiction over Mr. Stephanatos's claims for a refund of the taxes and penalties

assessed for 1999 and 2000.  Mr. Stephanatos chose to bring those claims before the Tax Court first, and when he did so, he put the entire matter into the hands of that court. Erickson v. United States, 309 F.2d 760, 767 (Ct. Cl. 1962) ("[T]he Tax Court's jurisdiction, once it attaches, extends to the entire subject of the correct tax for the particular year.").  Thus, the Court of Federal Claims properly dismissed these claims.

While Mr. Stephanatos did not bring his claim for tax years 1992 and 2004–2006 before the Tax Court, he did bring the 1992 tax claims before the District Court for the District of New Jersey.  Those claims were dismissed with prejudice (as were tax years 1999 and 2000) under Fed. R. Civ. Pro. 12(b)(1), and the Court of Federal Claims held that it was barred from hearing the claims by principles of res judicata.

Challenging this dismissal under Fed. R. Civ. Pro. 12(b)(1), Mr. Stephanatos correctly points out that a case dismissed for lack of subject matter jurisdiction has not received a final judgment on the merits for purposes of res judicata.  See Lewis v. United States, 70 F.3d 597, 602–04 (Fed. Cir. 1995).  This is true even where a court purports to dismiss a case with prejudice.  See, e.g., Scott Aviation v. United States, 953 F.2d 1377, 1378 (Fed. Cir. 1992) ("Without jurisdiction, the Claims Court cannot presume to dismiss the complaint with prejudice.").

Whenever possible, then, frivolous claims should be dismissed under Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted, which is a final adjudication on the merits.  Lewis, 70 F.3d at 602–03 (recognizing this as the "general rule").  Nonetheless, we affirm the court's decision to dismiss, because we agree with every court that has evaluated these claims—the claims are obviously frivolous and without merit.

The discussion above applies with equal force to Mr. Stephanatos's claims for tax and penalty refunds from 2004–2006. For the 2004 and 2005 claims, the Court of Federal Claims treated the government's motion under Fed. R. Civ. Pro. 12(b)(1) as a Fed. R. Civ. Pro. 12(b)(6) motion and dismissed the claims. Stephanatos, 81 Fed. Cl. at 442. The 2006 claims were dismissed for the same reasons. In discussing this result, the court stated that "[t]he many efforts that [Mr. Stephanatos] has made to persuade courts of the merits of his position have been uniformly unsuccessful. His position with respect to these later tax years can fare no better here." Id. at 444. In other words, although the tax year might be different, the argument made regarding what taxes and penalties Mr. Stephanatos owes remains the same. As such, the Court of Federal Claims correctly dismissed his 2004–2006 claims under Fed. R. Civ. Pro. 12(b)(6).

## B. Other Claims

Mr. Stephanatos raises (or seems to raise) a variety of other claims, some arguably for the first time on appeal. He claims that he is entitled to money damages for illegal exaction and that the government has violated Treasury regulations, Internal Revenue Manual procedures, and the Takings Clause. Mr. Stephanatos also states that his tax filings were the result of a unilateral mistake, that the government acted unconscionably, and that he is entitled to equitable recoupment to avoid unjustly enriching the government.

First, Mr. Stephanatos's equitable recoupment claim is not supported by his pleadings. Although Mr. Stephanatos repeatedly cites Bull v. United States, 295 U.S. 247 (1935), to support his claim, he fails to recognize other guidance on that issue. In United States v. Dalm, 494 U.S. 596, 605 n.5 (1990), the Court noted: "Since Bull, we have emphasized that a claim of equitable recoupment will lie only where the

Government has taxed a single transaction, item, or taxable event under two inconsistent theories." Mr. Stephanatos, as far as this court can tell, has not identified any inconsistent theories asserted by the government. And to the extent that Mr. Stephanatos is claiming a breach of contract, he does not allege that any contract existed between himself and the government—a necessary prerequisite to such a claim. Both of these claims fail because they do not state a claim upon which relief may be granted.

Regarding Mr. Stephanatos's claim that the government violated Internal Revenue Manual procedures and Treasury regulations, these claims appear to be alternate ways of phrasing Mr. Stephanatos's 1992, 1999, 2000, and 2004–2006 tax claims, which we concluded were properly dismissed.

Next, Mr. Stephanatos argues that he is owed money damages because his funds were illegally exacted from him. Illegal exaction "involves money that was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation." Norman v. United States, 429 F.3d 1081, 1095 (Fed. Cir. 2005) (quotation omitted). The illegal exaction claim was not properly raised before the Court of Federal Claims. Mr. Stephanatos merely stated in a footnote that "it should be noted that although plaintiff does not expressly use the term 'illegal exaction' or 'wrongful exaction' throughout this instant complaint, it should be construed as if the terms . . . are being used throughout this complaint." Arguments that are not fleshed out and are merely raised in footnotes are not preserved. See SmithKline Beecham Corp. v. Apotex Corp., 439 F.3d 1312, 1320 (Fed. Cir. 2006) (discussing footnotes in appeals briefs); see also Halliburton Energy Servs., Inc. v. M-I LLC, 514 F.3d 1244,

1250 n.2 (Fed. Cir. 2008). We may treat this argument as waived, since this court "does not 'review' that which was not presented to the [trial] court." Sage Prods., Inc. v. Devon Indus., Inc., 126 F.3d 1420, 1426 (Fed. Cir. 1997). But even if we were to evaluate this argument, as before, it appears that Mr. Stephanatos's illegal exaction claim is in essence the same argument he made regarding his tax and penalty liabilities, which we again note were properly dismissed.

Mr. Stephanatos also claims that the government violated the Takings Clause of the Fifth Amendment. This argument cannot succeed, regardless of whether Mr. Stephanatos is alleging a per se or regulatory taking. See Commonwealth Edison Co. v. United States, 271 F.3d 1327, 1339 (Fed. Cir. 2001) (en banc) ("[R]egulatory actions requiring the payment of money are not takings."); Branch v. United States, 69 F.3d 1571, 1576 (Fed. Cir. 1995) ("[E]ven though taxes or special municipal assessments indisputably 'take' money from individuals or businesses, assessments of that kind are not treated as per se takings under the Fifth Amendment.").

We affirm the Court of Federal Claims' disposition as it relates to his tort, Privacy Act, Freedom of Information Act, and other constitutional claims. We likewise affirm the court's holding that it did not have jurisdiction over the equitable relief requested in this case. To the extent that Mr. Stephanatos makes other arguments, we find them to be without merit.

CONCLUSION

For the reasons stated above, we affirm the Court of Federal Claims' decision to dismiss Mr. Stephanatos's complaint.