NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WANDA FRAZIER,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2017-1326

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-01287-EDK, Judge Elaine Kaplan.

---

Decided: April 6, 2017

---

WANDA FRAZIER, Deland, FL, pro se.

FARIDA ALI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., L. MISHA PREHEIM.

---

Before REYNA, MAYER, and HUGHES, *Circuit Judges.*

REYNA, *Circuit Judge.*

Ms. Wanda Frazier appeals a final decision of the United States Court of Federal Claims ("COFC"). The COFC correctly dismissed Ms. Frazier's complaint for want of subject matter jurisdiction. We therefore *affirm*.

BACKGROUND

Ms. Frazier, proceeding *pro se*, filed a claim in the COFC, alleging that the United States Department of Health and Human Services and Wellcare Insurance, an HMO, violated the Privacy Act, 5 U.S.C. § 552a, the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Health Insurance Portability and Accountability Act (HIPAA), Pub. L. 104-191, 110 Stat. 1936 (1996). Ms. Frazier alleged that these violations occurred when her health and contact information were shared with Wellcare's customer service representatives.

The COFC dismissed her complaint *sua sponte* for lack of subject matter jurisdiction. Ms. Frazier appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

Subject matter jurisdiction is a threshold issue that courts must address before they consider the merits of a claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005). We review *de novo* a COFC decision to dismiss for lack of jurisdiction. *Banks v. United States*, 741 F.3d 1268, 1275 (Fed. Cir. 2014). As the COFC acknowledged, *pro se* filings are to be liberally construed, but that does not alleviate a plaintiff's burden to establish jurisdiction. *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

Pursuant to the Tucker Act, the COFC has limited jurisdiction to resolve certain claims against the United States that are "founded either upon the Constitution, or any Act of Congress or any regulation of an executive

department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But the Tucker Act does not create any substantive right of action against the United States. *United States v. Testan*, 424 U.S. 392, 398 (1976). Plaintiffs must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004). The source of substantive law must mandate monetary compensation by the federal government; it must be "money-mandating." *Testan,* 424 U.S. at 400.

The Tucker act limits the COFC's jurisdiction to claims against the United States; therefore, the COFC properly dismissed Ms. Frazier's claims against Wellcare. *United States v. Sherwood,* 312 U.S. 584, 588 (1941). To the extent that Ms. Frazier sought recovery for any alleged emotional distress or anxiety, those claims sound in tort, and are thus expressly excluded from the COFC's jurisdiction under the Tucker Act. *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993).

The COFC does not have jurisdiction over claimed violations of the Privacy Act or FOIA because those statutes do not contain money-mandating provisions. *See Snowton v. United States*, 216 F. App'x 981, 983 (2007). Finally, Ms. Frazier cannot bring a claim under HIPPAA, because that statute does not create a private right of action. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Miller v. Nichols*, 586 F.3d 53 (1st Cir. 2009); *Webb v. Smart Document Sols*, LLC, 499 F.3d 1078, 1081 (9th Cir.2007); *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006). We therefore *affirm*.

**AFFIRMED**

## COSTS

Each party to bear their own costs.