# In the United States Court of Federal Claims

No. 24-1007

Filed: October 21, 2024

|  |  |
|---|---|
| SOMONA LOFTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Somona Lofton[1], proceeding *pro se*, filed this action on June 13, 2024, against the United States. EFC No. 1 at 2 § 4.[2] Although it is difficult to decipher what exactly Ms. Lofton alleges in her complaint, she appears to contend that Vice President Harris, the Department of Defense, the Department of Justice, and the Department of Energy, along with "entertainers Drake, LIL wayne, Beyonce, JZ, and Barack obama [*sic*]" have used private jets and satellites to harass her and conspired to "defraud funds in [Plaintiff's] financial aid accounts, EDD, IRS, federal Claims." *Id*. Plaintiff further alleges that she has been used for an "illegal brain reading experiment" for which Governor Newsom and his wife visit the White House to "conspire defrauding funds." *Id*. Additionally, Plaintiff vaguely alleges violations of 18 U.S.C. § 1512. *Id*. Along with her complaint, Plaintiff also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2.

Because Plaintiff seeks to proceed *in forma pauperis*, the court must review Plaintiff's complaint under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides that the court "shall dismiss the case at any time if the court determines that . . . [the action]: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See also Mohammed v. United States*, No. 2022-2052, 2022 WL 4242532, at *1 (Fed. Cir. Sept. 15, 2022) ("Pursuant to § 1915(e)(2)(B)(ii), a court of the United States must dismiss an IFP action if the court determines that the action fails to state a claim on which relief may be granted."). Additionally, this court's rules instruct

---

[1] Plaintiff is a litigious individual. Before this court alone, Plaintiff has filed at least 12 actions. *See generally* No. 21-1348, No. 22-783, No. 22-1335, No. 23-392, No. 23-393, No. 23-394, No. 24-727, No. 24-728, No. 24-815, No. 24-816, and No. 24-845.

[2] The Plaintiff submitted her complaint using the form pro se complaint on this court's website. Therefore, the court cites to the page and section number to cite to her complaint.

that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). As the court was conducting its review under Section 1915, the Government moved to dismiss for lack of subject matter jurisdiction. ECF No. 6. The Plaintiff has not responded to the Government's motion.

## I. Legal Standard

"Subject matter jurisdiction is a threshold issue that must be determined at the outset of a case." *King v. United States*, 81 Fed. Cl. 766, 768 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). This court's primary source of jurisdiction is the Tucker Act, 28 U.S.C. § 1491. Under the Tucker Act, this court has subject matter jurisdiction over claims brought against the United States that are "founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But "[t]he Tucker Act itself does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The Tucker Act limits the court of Federal Claim's jurisdiction only to money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 US 287, 290 (2009) (internal quotation marks and citation omitted). If there is no money-mandating source of law that supports Plaintiff's claims, "the Court of Federal Claims lacks jurisdiction" and the case must be dismissed for lack of subject matter jurisdiction. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

## II. Discussion

While it is challenging to ascertain what exactly Plaintiff is claiming, as best the court can tell, Plaintiff is claiming to be the victim of a widespread conspiracy to "defraud," "harass," and "retaliate" concocted by various political and entertainment figures. ECF No. 1 at 2 § 4. It is clear, however, that all of Plaintiff's potential claims fall outside of this court's jurisdiction.

First, Plaintiff's reliance on 18 U.S.C. § 1512 to allege that there has been tampering with a witness, victim, or informant does not establish this court's jurisdiction. ECF No. 1 at 4. She also alleges bribery, kickbacks, and embezzlement. *Id*. This court does not have jurisdiction over criminal matters. *E.g.*, *Snowton v. United States*, 216 F. App'x 981, 983 (Fed. Cir. 2007) ("Additionally, the Court of Federal Claims lacks jurisdiction over suits based upon criminal statutes."); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).

Second, this court lacks jurisdiction over Plaintiff's claims against the Vice President, the Governor of California, and various other individuals—*i.e.* "Drake, LIL wayne, Beyonce, JZ and Barack obama [*sic*]," ECF No. 1 at 2 § 4, because this court does not have jurisdiction over claims brought against parties other than the United States, even if they are government employees. According to the Supreme Court of the United States, "upon a review of the statutes creating the court and defining its authority, [this court's] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States . . . and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *see also Martin*

*v. United States*, No. 2022-1810, 2023 WL 1878576, at *3 (Fed. Cir. Feb. 10, 2023) ("For example, the court can only hear claims against the government; thus, it cannot hear claims brought against individuals[.]").

Third, Plaintiff raises a number of tort claims, including harassment, fraud, battery, and negligence. This court, however, lacks jurisdiction over any claims sounding in tort. According to the Tucker Act, "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Thus, this court may not hear Plaintiff's claims sounding in tort.

Finally, the fact that Plaintiff used the court's form complaint that lists the United States as the sole defendant does not establish jurisdiction either. Instead, the court must look to the factual allegations. *Lawton*, 621 F. App'x at 672. ("Although Ms. Lawton's caption identifies the United States as the defendant in the suit, her factual allegations are directed at New Jersey state agencies, state officials, and private individuals."); *Cooper v. United States*, 771 F. App'x 997, 1000 (Fed. Cir. 2019) ("Although the complaint names the United States as the sole defendant in the case caption, we customarily look to the substance of the pleadings rather than their form to determine whether jurisdiction exists.") (internal quotations omitted). As explained above, the substance of the complaint makes clear that this court lacks jurisdiction over any of Plaintiff's claims.

### III.    Conclusion

For the foregoing reasons, the Court:

1. Grants Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 2;

2. Grants the Government's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, ECF No. 6; and

3. Directs the Clerk's Office to enter judgment accordingly.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge